UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:14-CR-090-01 |
| Plaintiff, | : | |
| vs. | : | |
| Iver Skidmore, | : | |
| Defendant. | : | |

**ORDER**

Defendant, Iver Skidmore, has filed a motion asking the Court to grant him post-sentence relief.  (Doc. 56)   Defendant contends that the BOP has calculated the length of his sentence in a manner that does not reflect the intent of this Court when it imposed the sentence.  He asks the Court to fashion a remedy to correct this situation.

This case began with the filing of a criminal complaint and arrest warrant on March 10, 2014.  Defendant was taken into federal custody by the U.S. Marshals on March 19, 2014, pursuant to a writ issued to the Ross County, Ohio jail.  Defendant had been sentenced on a state conviction relating to a bad check charge, and had been in state custody since January 18, 2014.  He appeared for a detention hearing in this Court on March 24, 2014, and was denied bond because he was serving that state sentence.

An indictment was filed on August 20, 2014, charging Defendant with one count of making false or fictitious instruments in violation of 18 U.S.C. §514.  (Doc. 16)   He subsequently entered into a plea agreement with the United States, agreeing to plead guilty to the indictment.  (Doc. 24)   The parties specifically agreed that the Court would

determine the sentence, but that whatever sentence was imposed would run concurrently with the 18-month state sentence imposed on Defendant in January 2014 in Ross County, Ohio Case No. 14CR0024.

    A sentencing hearing was scheduled for April 20, 2015, but Defendant filed an unopposed motion to continue that date.  His motion stated that if the Court sentenced him on that date, "... the fact that Mr. Skidmore has an unexpired state sentence will increase his security level and potentially have a significant impact in his prison placement.  Once the sentence is expired, he enters BOP with no prior incarcerations, and a low level non-violent offense." (Doc. 40)  The Court granted the motion, and conducted a sentencing hearing on July 28, 2015.  The Government explained the basis for its motion under Section 5K1.1, noting that Defendant has been truthful and remorseful from the start of the investigation in this case.  Counsel stated that she would recommend a sentence at the low end of the guideline range or even lower. When the Court questioned counsel about the effect of Defendant's state sentence on the calculation of his federal sentence, it was unclear how the BOP would credit that time.  The Court then stated: "Well, let me ask for your input on this.  If I were to grant the [5K1.1] motion and adjust Mr. Skidmore's offense level down to 15, which would be a range of 24 to 30 months in Category III, if I credited 18 months against that sentence at the low end of the range, that would leave Mr. Skidmore with six months to serve." Mr. Gallagher: "I'm not sure you can credit the full 18.  I think the most you can credit is 16, which is when he came in [to federal custody] in March.  I think he's got 18 months' credit toward the state of Ohio, but here with you I think he only has 16 months.  The COURT: So that would leave eight months to serve in the Bureau of Prisons on this

offense?  Mr. Gallagher: Yes ma'am."  The Government agreed with that proposal and did not object to the Court's intent to impose a sentence that would require Defendant to serve an additional eight months.  The Court then imposed a sentence of 24 months concurrent to his 18-month state sentence.

Defendant's motion states that the BOP has denied Defendant credit for the time spent in federal custody prior to the July 28, 2015 sentencing, because during that period he was serving his state sentence.  The BOP has calculated his release date to be January 17, 2017, almost a year longer than he anticipated at the time of the sentencing.  Defendant's pending motion states that all parties (the Court, the Defendant, and the United States) agreed that Defendant would receive credit against that sentence for the time he spent in federal custody from March 19, 2014 to the date of his sentencing.  The United States agrees with Defendant's contentions and has no objection to his motion.  (Doc. 57)   Defendant asks the Court to fashion a remedy to ensure that the Court's intent is effectuated.

The BOP's sentence computation calculations are not included with Defendant's motion, and he cites no statutes or case law addressing the type of relief he seeks.  18 U.S.C. §3585(a) states that a sentence "commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."  18 U.S.C. §3585(b) is entitled "Credit for prior custody," and states:

> A defendant shall be given credit toward the service of a term of
> imprisonment for any time he has spent in official detention prior to the
> date the sentence commences -
>
>     (1) as a result of the offense for which the sentence was

>imposed; or
>
>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

>that has not been credited against another sentence.

In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court held that the BOP, not the sentencing court, is responsible for determining prior custody credit under this statute. The Supreme Court noted in that case that the BOP has long-standing procedures and guidelines for determining credit for time served, and that federal regulations give prisoners the right to seek administrative review of the BOP's sentence computations. After exhausting those administrative remedies, a prisoner can obtain judicial review through a habeas corpus petition pursuant to 28 U.S.C. §2241. <u>United States v. Lyons</u>, 582 Fed. Appx. 659, 660 (6th Cir. 2014), citing <u>Setser v. United States</u>, 132 S.Ct. 1463, 1473 (2012). Without knowing the specific basis upon which the BOP calculated Defendant's sentence, the Court assumes that the BOP applied 18 U.S.C. §3585(b), and a challenge to the calculation would be properly brought in a habeas petition after administrative exhaustion. See, e.g., <u>United States v. Singh</u>, 52 Fed. Appx. 711, 712 (6th Cir. 2002), noting that complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit.

Defendant's motion also suggests that this Court could fashion a remedy by amending Defendant's previously imposed sentence, so that it accurately reflects the intent of the Court and the parties. A district court lacks authority to modify a sentence after it has been imposed. <u>United States v. Allen</u>, 614 F.3d 253, 256 (6th Cir. 2010).

There are a few exceptions to this principle. One is a motion to correct "clear error" pursuant to Fed. R. Crim. Proc. 35.  But such motions must be filed within 14 days after sentencing.  A second exception is a motion under Fed. R. Crim. Proc. 36, permitting the Court to correct "a clerical error in a judgment ... or correct an error in the record arising from oversight or omission."   That Rule permits the Court to correct true clerical errors, those errors of "recitation, of the sort that a clerk or amanuensis[1] might commit, mechanical in nature."  United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004). In United States v. Manns, 277 Fed. Appx. 551 (6th Cir. 2008), the Sixth Circuit found that the district court had authority to amend its judgment and sentence pursuant to Rule 36.  At the sentencing hearing, the court announced and imposed a total sentence of 276 months incarceration, but the written judgment sentenced him to "276 months consisting of 300 months on each of counts 1, 2, 4, 6, 10, 22, 13, 15 and 17, and 120 months on each of counts 5, 7, 9 and 12, with all terms to run concurrently, for a total of 276 months."  Two months after sentencing and the original judgment, the court filed an amended judgment to correct the reference to "300 months" to "276 months."

In United States v. Penson, 526 F.3d 331 (6th Cir. 2008), the Sixth Circuit held: [W]hen an oral sentence conflicts with the written sentence, the oral sentence controls. ... When an orally pronounced sentence is ambiguous, however, the judgment and commitment order is evidence which may be used to determine the intended sentence." Id. at 334 (internal citations omitted).   In that case, the sentencing court pronounced a sentence of "310 months on each count to run concurrently."  The written judgment that

---

[1] According to Webster's II New Riverside University Dictionary (1988), "a secretary employed to take dictation or copy manuscript."

followed sentenced Pension to 310 months, comprised of "240 months on Counts Two and Three to run concurrent and 70 months on Count One to run consecutive." The Sixth Circuit held that the orally pronounced sentence controlled, and that the court lacked authority under either Rule 35 or Rule 36 to "correct" that sentence in the manner stated in the subsequent written judgment. Moreover, there was nothing ambiguous about the court's oral pronouncement of a sentence of 310 months on each count to run concurrently. Even though the oral sentence exceeded the statutory maximum on the charges at issue, and the written judgment would have been lawful, the court of appeals vacated and remanded for re-sentencing.

     While not free from all doubt, the Court finds that the record permits this Court to correct the written judgment under Rule 36. The sentencing hearing transcript confirms that both parties agreed that Defendant should be given credit for the 16 months he spent in federal custody awaiting sentencing, and should not be required to serve an additional 24-month sentence. This Court was impressed by Defendant's candor, his remorse over his conduct, and his commitment to rehabilitating himself and helping other inmates do so. The Court specifically stated its intent to require Defendant to serve no more than eight months of additional incarceration following his sentencing hearing. Unfortunately that intent was not translated properly in the Court's subsequent pronouncement or the written judgment that was entered the same day. Defendant did not appeal his sentence, and it is obvious to the Court that no appeal was taken because he and his counsel believed that the judgment accurately reflected the Court's intent. The Sixth Circuit has made it clear that the Court may not utilize Rule 36 to "... effectuate its unexpressed intentions at the time of sentencing." <u>United States v. Carr</u>,

421 F.3d 425, 432-433 (6th Cir. 2005), quoting United States v. Robinson, 368 F.3d at 656-57. But the Rule may be used to correct an error of recitation of the sentence. And the Court concludes that is what occurred here, and that it would be an injustice to Defendant to require him to serve a much longer sentence than the one that the Court and both parties intended.

Rather than simply ordering a concurrent sentence to his state sentence, the written judgment should have imposed an adjusted sentence. Guidelines Section 5G1.3(d) states that in cases where there is an undischarged term of imprisonment, the sentence for the instant offense may run concurrently, partially concurrently, or consecutively in order to achieve "a reasonable punishment." Application Note (E) to Section 5G1.3 states that in certain unusual cases, the Court should grant a downward departure to ensure "a reasonable incremental punishment for the instant offense of conviction." And to avoid interfering with BOP's exclusive authority under 18 U.S.C. §3585(b), the Sentencing Commission recommends that such departures be identified on the judgment, rather than granting Defendant "credit" for time served.

The Court has also reviewed the BOP's "Legal Resource Guide to the Federal Bureau of Prisons" available on its website, and which includes a section discussing how the BOP calculates credits for prior terms of custody. The Guide notes that a court's judgment must be carefully drafted to avoid requiring credits for time served when that result would conflict with the statutes. The BOP suggests that when a court intends to adjust a sentence in a manner to allow such prior time credits, the court "should note on the J&C the amount of time by which the sentence is being adjusted, the undischarged term of imprisonment for which the adjustment is being given, and

that the sentence imposed is a sentence reduction pursuant to U.S.S.G. 5G1.3(b), for a period of imprisonment that will not be credited by the BOP. ... Otherwise, it may appear that prior custody credit is being awarded contrary to 18 U.S.C. §3585(b)."[2]

After fully considering Defendant's motion and the record in this case, and for good cause shown, the Court will grant Plaintiff's motion for post-sentence relief by construing it as a motion to correct a clerical error under Rule 36.  The Court will enter an amended judgment reflecting this Order and imposing a downwardly-departing adjusted sentence of Eight Months.

SO ORDERED.

DATED: June 1, 2016                    s/Sandra S. Beckwith

                                                        Sandra S. Beckwith, Senior Judge
                                                        United States District Court

---

[2] See "Legal Resource Guide to the Federal Bureau of Prisons 2014", U.S. Department of Justice, Federal Bureau of Prisons, available at www.bop.gov/Resources/Publications/, last accessed May 26, 2016.